*In re* M.S., a Minor

N. P., Petitioner,

v.

S.T., Respondent.

High Court of American Samoa
Family, Drug, and Alcohol Division

FD&A-CA No. 04-04

August 9, 2004

Before WARD[*] Acting Associate Justice, and TAPOPO, Associate Judge.

Counsel: For Petitioner, David Wagner

OPINION AND ORDER

This matter came on regularly for a default hearing on July 28, 2004. Present were Petitioner N.P. and her attorney, Counsel Wagner. Although personally served with a summons and a copy of the petition, Respondent S.T. did not serve an answer upon Petitioner's counsel as directed in the summons within 20 days following the June 2, 2004 service of process upon Respondent. Petitioner filed for a clerk's entry of default on June 28, 2004, which was entered by the clerk on July 7, 2004. Petitioner next filed for a hearing on the default judgment against Respondent, which was scheduled by the clerk for July 28, 2004. At the hearing Petitioner gave credible testimony to support her allegations that Respondent was the natural father of Petitioner's minor male child born in Salt Lake City, Utah on April 22, 2003. Respondent did not appear personally or through counsel at the default judgment hearing. For reasons more fully set forth below, we deny the motion for default judgment, set aside the Clerk's Entry of Default and direct counsel to refile an amended petition and amended summons fully complying with the statutory requirements of A.S.C.A. §§ 45.1501 et seq.

## Discussion

Because this is the first paternity proceeding brought before the Family, Drug & Alcohol Court Division, we took this matter under advisement so that future filings and proceedings by private counsel might better comport with the statutory scheme enacted by the Fono.

In the instant action Petitioner alleged this Court had jurisdiction over the subject matter paternity action under both Chapters 15 and 16, Title 45 A.S.C.A. These separate chapters of the Juvenile Justice Act of 1980 provide distinct, and oftentimes mutually exclusive, statutory relief for persons seeking a declaration of paternity and child support, or either. Under Chapter 15, "Paternity Proceedings" (A.S.C.A. §§ 45.1501 et seq.), the child's mother or guardian, or in some instances the Department of Health, may file a petition to establish paternity and compel support for any child under the age of 5 years (or older if paternity has been acknowledged by the father in writing or by furnishing support).

---

[*] The Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

■ Chapter 16, "Support Proceedings" (A.S.C.A. §§ 45.1601 et seq.), allows either of the natural parents or the guardian or custodian or the immediate family of an illegitimate child under the age of 18 to petition for child support.[1] We assume Petitioner seeks to avail herself of the relief provided under Chapter 15, because the child is under 5 years old and the petition contains no allegations that the putative father has acknowledged, in writing, his paternity or provided support. The petition is likewise silent as to whether, pursuant to A.S.C.A. § 45.1505(c)(3) and (4), Petitioner seeks prior child support or necessary expenses of or for confinement and pregnancy.

■ Of more serious concern than the inadequacies of the petition is the failure to comply with the statute setting forth the summons requirement for such actions. A.S.C.A. § 45.1503 requires that upon the filing of a petition, the Court issues a summons "stating the substance of the petition . . ." and "requiring the alleged father to appear at the time and place set for hearing on the petition." The hearing date is expedited by the statute and is set for not less than 10 days after service is completed.

The summons that Petitioner provided was issued by the Clerk in this matter simply stated a petition had been filed and that respondent was required to serve an answer thereto within 20 days. Subsequently, while treating these special proceedings as simply a standard civil action, Petitioner obtained a Clerk's Entry of Default and moved for a default judgment. The statutes require a far different and more accelerated approach.

■ The Court-issued summons must contain a command that the respondent appear at a hearing on a specified date and time 11 or more days after service. It must also contain the substance of the petition (e.g., the petition names the respondent as the alleged father of the identified child and precisely what the petitioner is seeking in the way of current and prior child support, necessary expenses of the pregnancy, confinement, etc., and costs of the action).

The reason for such special summons requirements is that the Court is required to determine "a fair and reasonable sum" for the support of the child while taking "into consideration other persons legally entitled to support by the father." A.S.C.A. § 45.1505(c). The statutory requirement that the alleged father appear at the hearing facilitates the Court's duties and minimizes the risk of subsequent motions to amend

---

[1] Not present before this Court is whether, pursuant to A.S.C.A. § 45.1601(e), support actions under Chapter 16 must be filed by the Office of the Attorney General, the legal representative of "The People of the Territory of American Samoa . . . ."

being filed by the respondent when served with what Petitioner has here moved for, being in the nature of an *ex parte* child support order.

## Conclusion

Because the summons issued in this matter failed to comply with the statutorily prescribed notice requirements, this Court has not acquired personal jurisdiction over Respondent. The Clerk's entry of default is therefore set aside and Petitioner's motion for a default judgment is denied.

Petitioner shall file, within 10 days, an amended petition clearly electing remedies under either Chapter 15 or Chapter 16, Title 45, A.S.C.A. and specifying the amount of monthly child support she is seeking, the estimated costs of the action she is seeking, and whether she is or is not seeking prior support and necessary pregnancy and confinement expenses, which, if alleged, shall be in sum certain figures.

The Clerk of Courts shall, with the assistance of the Staff Attorney, prepare a statutorily compliant summons to be served upon Respondent in such actions consistent with the requirements noted in this Opinion and such other information necessary to inform the Respondent of his statutory duties and rights.

It is so ordered.